STATE OF WEST VIRGINIA

*In re* **E.W.-1**

**No. 17-0870** (Kanawha County 17-JA-145)

**FILED**

**February 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father, E.W.-2, by counsel Benjamin Freeman, appeals the Circuit Court of Kanawha County's August 30, 2017, order terminating his parental rights to E.W.-1[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Steven R. Compton, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Christopher C. McClung, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in not granting him a post-dispositional improvement period and finding that the Circuit Court of Kanawha County was the proper venue for these proceedings.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 23, 2017, the DHHR filed an abuse and neglect petition against petitioner. The petition alleged that petitioner's substance abuse issues and homelessness prevented him from being an appropriate parent. Petitioner was not present for the preliminary hearing, but was represented by counsel. During the preliminary hearing, it was discovered that there was a similar petition against petitioner pending in the Circuit Court of Lincoln County. However, the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because the child and petitioner have the same initials, they will be referred to as E.W.-1 and E.W.-2, respectively, throughout this memorandum decision.

[2]Petitioner makes no specific assignment of error as to the termination of his parental rights.

1

judges in both matters conferred and decided that Kanawha County should be the proper forum. No party objected to the determination of venue.[3]

On May 31, 2017, the circuit court held an adjudicatory hearing, at which petitioner did not appear, but was represented by counsel. The mother testified to her drug use as well as the drug use that occurred in the home. A Child Protective Services ("CPS") worker testified that petitioner signed a family case plan in February and then tested positive for methamphetamines the next day. As a result of his positive drug screen, petitioner's visits with the child were suspended. Petitioner was adjudicated as an abusing parent.

On July 14, 2017, the circuit court held a dispositional hearing wherein it denied petitioner's motion for a post-adjudicatory improvement period. A service provider testified that petitioner had a suitable residence, but continued to test positive for illegal drugs. As a result, petitioner was not permitted to visit with the child. The service provider testified that petitioner works odd jobs. Petitioner testified that, if drug tested, he would test positive for opiates and methamphetamine. However, petitioner stated he did not believe he had a drug problem and that he obtains opiates from older people for whom he does odd jobs. A Lincoln County CPS worker testified that she made numerous attempts to help petitioner with his drug problem, but was not successful. A Kanawha County CPS worker testified that the DHHR made reasonable efforts to reunify the family and that she felt that termination of petitioner's parental rights was in the best interests of the child. The circuit court found no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that it was in the child's best interests to terminate his parental rights. The circuit court also found post-termination visitation to be contrary to the child's best interests. Ultimately, the circuit court terminated petitioner's parental rights in its August 30, 2017, order.[4] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

---

[3] Although petitioner received services in Lincoln County, the proceedings there never progressed beyond the filing of the petition and the matter was subsequently dismissed.

[4] In addition to the termination of petitioner's parental rights, the mother's parental rights were also terminated. According to the guardian and the DHHR, the child is placed in a foster home with a permanency plan of adoption in that home.

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in refusing to grant him a post-dispositional improvement period. Petitioner argues that it is in the best interests of the child for him to receive a post-dispositional improvement period and that he could correct his drug abuse issues with proper treatment. Petitioner believes that the child may be emotionally and psychologically damaged if he were to remain in foster care with "caregivers who are essentially strangers." Finally, he argues that the circuit court denied him the opportunity to make improvements to his "parental shortcomings."

Pursuant to West Virginia Code § 49-4-610(3), a circuit court may grant a post-dispositional improvement period when the parent "moves in writing for the improvement period" and "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period[.]" Here, petitioner failed to present any evidence to show that he would be likely to comply with an improvement period. Petitioner continued to use drugs throughout the proceedings, despite the fact that he was offered services to remedy the issue. Petitioner's argument ignores the fact that he failed to make any progress with the DHHR's assistance during the proceedings. Finally, petitioner makes no citation to the record on appeal to indicate that he moved for a post-dispositional improvement period.

We have also held that

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Here, petitioner failed to acknowledge his drug abuse issues and, despite the CPS workers' attempts to help him with his addiction, he continued to test positive on drug screens. Due to his failure to acknowledge his drug abuse issues, to grant petitioner a post-dispositional improvement period would be futile. Therefore, we find that petitioner failed to satisfy the applicable burden to obtain a post-dispositional improvement period and we find no error by the circuit court in this regard.

Petitioner also argues that the circuit court erred in finding that Kanawha County, rather than Lincoln County, was the proper venue for these proceedings. Petitioner is a resident of Lincoln County and argues that a petition was filed in Lincoln County months before the petition was filed in Kanawha County. Accordingly, petitioner argues that the proceedings should have remained in Lincoln County because, pursuant to West Virginia Code § 49-4-601(a), a petitioner may not file a petition under the same set of facts in more than one county. We disagree.

First, although petitioner is correct that a party may not file an abuse and neglect petition in more than one county based on the same set of facts, under West Virginia Code § 49-4-601(a), Kanawha County is a proper venue for these proceedings given that one of the respondents resided in Kanawha County. The record indicates that no proceedings took place in Lincoln County after a procedural order was entered filing the petition and that the Lincoln County abuse and neglect case was dismissed. Further, petitioner does not argue that he was prejudiced by the proceedings being held in Kanawha County and fails to acknowledge that throughout the proceedings in Kanawha County, the DHHR provided services to him in Lincoln County. Furthermore, the Lincoln County and Kanawha County circuit courts conferred and determined that there was no good cause to transfer the matter to Lincoln County in an effort to promote his compliance. Therefore, we find no error in the circuit court's decision that Kanawha County was an appropriate venue for these proceedings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 30, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 23, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker